**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **FRED A. DIXON, JR., ID # 1465037,** | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | No.  3:10-CV-1162-G-BH |
| | ) | |
| **NURSE STAFF,** | ) | |
| **Defendant.** | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b) and Special Order 3-251, this case has been referred for pretrial management.

**I.**

Plaintiff, a prisoner in the Texas prison system, filed this civil action against unidentified members of the nursing staff at the Jester IV unit. (Compl. at 1-3.) He seeks to proceed in *forma pauperis*. No process has been issued in this case.

Plaintiff has been sanctioned at least three times by this Court. On January 4, 2004, he was barred from filing civil actions unless he paid the filing fee or filed a motion showing "good cause as to why the complaint sets out a colorable basis for relief and why venue is proper in the Northern District of Texas." *Dixon v. Angleton Parole Dep't*, No. 3:03-CV-2790-K (N.D. Tex. Jan. 4, 2004) (judgment). The Court also required that any motion for leave filed by Plaintiff be accompanied by a proposed complaint and a motion for leave to proceed *in forma pauperis*. *Id.* The Court directed the Clerk of the Court to return Plaintiff's submissions to him with a copy of the judgment if he tried "to file a civil action without the required motion for leave to file or attachments." *Id.* Later that month, he was again barred from filing a civil action unless he first paid the filing fee or obtained authorization to file. *Dixon v. Lake Charles, La. Sheriff's Dep't*, No. 3:03-CV-2232-M (N.D. Tex. Jan. 28, 2004) (judgment). Subsequently, in March 2005, the Court denied him leave to file a civil

action, sanctioned him $100.00, and barred him from seeking leave to file future actions until he paid the monetary sanction. *Dixon v. Angleton Sheriff Dep't*, No. 3:05-MC-0011-M (N.D. Tex. Mar. 8, 2005) (judgment).

## II.

Courts observe and enforce their own sanction orders. *Sabedra v. Meadows*, No. 3:05-CV-1304-L, 2006 WL 1499985, at *1 (N.D. Tex. May 5, 2006) (recommendation of Mag. J.), *accepted by* 2006 WL 1571669 (N.D. Tex. May 31, 2006). Plaintiff has not provided any proof showing that he has paid the $100 monetary sanction in the prior case, paid the $350 filing fee for this action, or filed a motion for leave to file this action as ordered by the Court. Based on the language of the January 4, 2004 order, Plaintiff's submissions should have been refused and returned to him for failure to comply with the prior sanction order.

## III.

This case should be **ADMINISTRATIVELY CLOSED** for failure to comply with a prior sanction order. Plaintiff should be ordered not to re-file his complaint or any other civil action without either paying the applicable filing fee or filing an appropriate motion for leave to file accompanied by a proposed complaint, a motion for leave to proceed *in forma pauperis*, and proof that he has paid the $100.00 sanction.

**SO RECOMMENDED on this 14th day of June, 2010.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                       IRMA CARRILLO RAMIREZ
                                                       UNITED STATES MAGISTRATE JUDGE